**Robert M. LEVINE, Petitioner–Appellant,**

v.

**S.A. HOLENCIK, Warden, Respondent–Appellee.**

No. 09–55370.

United States Court of Appeals, Ninth Circuit.

Submitted June 29, 2010.*

Filed July 21, 2010.

Robert M. Levine, Adelanto, CA, pro se.

Joseph Timothy McNally, Assistant U.S., Office of the U.S. Attorney, Santa Ana, CA, Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Respondent–Appellee.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

### MEMORANDUM **

Robert M. Levine appeals pro se from the district court's judgment denying his 28 U.S.C. § 2241 petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

Levine contends the district court abused its discretion by disregarding Seventh Circuit law instructing that only the sentencing court can set the timing and schedule of restitution payments during an inmate's incarceration. This contention is unpersuasive. See *Montano–Figueroa v. Crabtree*, 162 F.3d 548, 549–50 (9th Cir. 1998) (per curiam) ("[W]e have previously upheld sentencing courts' decisions to delegate the timing and manner of payments of court-ordered restitution."); *see also Int'l Chem. Workers Union Council v. NLRB*, 467 F.3d 742, 748 n. 3 (9th Cir. 2006) (out-of-circuit cases are not binding on this court).

Levine further contends that he was deprived of due process because he was compelled to participate in the Inmate Financial Responsibility Program ("IFRP"). This contention is unavailing. See *United States v. Lemoine*, 546 F.3d 1042, 1046 (9th Cir.2008) (rejecting petitioner's argument that his participation in the IFRP was involuntary).

**AFFIRMED.**

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).